<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN FILIPPATOS,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 2:23-cv-02033 (BRM) (MAH)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Defendant United States' ("Government") Motion to Dismiss *pro* se Plaintiff John Filippatos's ("Filippatos") Complaint (ECF No. 1-1) pursuant to Fed. R. Civ. P. 12(b)(1). (ECF No. 2.) Filippatos filed an opposition (ECF No. 4), the Government filed a reply (ECF No. 5), and Filippatos filed a sur-reply[1]. (ECF No. 6.) Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Fed. R. Civ. P. 78(b), for the reasons set forth below and for good cause shown, the Government's Motion to Dismiss is **GRANTED**.

**I.   BACKGROUND**

For the purposes of this Motion to Dismiss, the Court "accept[s] as true all factual allegations in the [C]omplaint and draw[s] all inferences from the facts alleged in the light most favorable to [Filippatos]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003)). The Court also considers any

---

[1] While a sur-reply is typically impermissible, given the leniency afforded to pro se litigants, the Court will consider the substance of the sur-reply. (*See* L.Civ.R. 7.1.)

"document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

This action arises out of alleged defamation by the United States Postal Service ("USPS") and employee John Kessler, Jr., Postmaster ("Kessler"). (ECF No. 1-1 ¶ 1.) Filippatos contends that on December 17, 2022, "Mr. Kessler defamed [Filippatos] to a number of [Filippatos's] neighbors stating that mail service was suspended on Dogwood Ln. because [Filippatos] 'threatened to kill' the mail carrier assigned to the street." (*Id.*) Filippatos further claims that "[b]oth the Summit police and the USPS investigator, Willy Wong, investigated the alleged instance on December 13th and concluded a threat was not made by [Filippatos]." (*Id.*) Filippatos seeks remedy for reputational and psychological damages as a result of the alleged defamation. (*Id.* ¶ 3.)

On March 3, 2023, Filippatos filed suit against the USPS and Kessler in the Superior Court of New Jersey, Law Division, Union County, Docket No. UNN-L-732-23. (*Id.* ¶ 1.) On April 10, 2023, the Government was substituted as the sole defendant in place of the USPS and Kessler. (ECF No. 1 at 1.) Pursuant to 28 U.S.C. § 2679(d)(2), J. Andrew Ruymann, Chief of the Civil Division in the United States Attorney's Office for the District of New Jersey "certif[ied] that John Kessler, Jr. was acting within the scope of his employment as an employee of the United States of America at the time of the conduct alleged in the Complaint." (ECF No. 1-2.) The Government then removed the case to the United States District Court for the District of New Jersey. (ECF No. 1.)

On April 18, 2023, the Government filed a motion to dismiss. (ECF No. 2.) On May 15, 2023, Filippatos filed an opposition. (ECF No. 4.) On May 24, 2023, the Government filed a reply. (ECF No. 5.) On June 6, 2023, Filippatos filed a sur-reply. (ECF No. 6.)

## II. LEGAL STANDARD

"When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *Dickerson v. Bank of Am., N.A.*, Civ. A. No. 12-3922, 2013 WL 1163483, at *2 (D.N.J. Mar. 19, 2013) (quoting *In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993), *aff'd*, 39 F.3d 61 (3d Cir. 1994)). In considering dismissal for lack of subject matter jurisdiction, a district court's focus is not on whether the factual allegations entitle a plaintiff to relief but rather on whether the court has jurisdiction to hear the claim and grant relief. *Maertin v. Armstrong World Indus., Inc.*, 241 F. Supp. 2d 434, 445 (D.N.J. 2002) (citing *New Hope Books, Inc. v. Farmer*, 82 F. Supp. 2d 321, 324 (D.N.J. 2000)).

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Id.* (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual attack, on the other hand, "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id.* (alteration in original) (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). When considering a factual challenge, "the court may consider evidence outside of the pleadings." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). "'[T]he plaintiff will have the burden of proof that

jurisdiction does in fact exist,' and the court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Id.* (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "[A] court may determine subject matter jurisdiction over an FTCA claim . . . so long as it demands less in the way of jurisdictional proof than it would for a ruling on the merits." *Id*. at 178. The Third Circuit has consistently permitted the Government to present evidence outside of the pleadings, such as affidavits and declarations, in Rule 12(b)(1) motions to dismiss for FTCA claims to show the exhaustion requirement has not been satisfied. *See, e.g., Gould*, 220 F.3d 169; *Wilson v. United States*, 735 F. App'x 50 (3d Cir. 2018); *C. A. C. v. United States*, 449 F. App'x 194 (3d Cir. 2011).

Here, the Government has presented the Court with a facial attack because the Government argues that Filippatos failed to adequately establish subject matter jurisdiction in his pleadings without disputing the facts alleged in the Complaint. (ECF No. 2.) Therefore, the Court considers the allegations in the light most favorable to Filippatos. *Gould Elecs.*, 220 F.3d at 176; *Mortensen*, 549 F.2d at 891.

### III.    DECISION

The Government contends the Court lacks subject matter jurisdiction because it has not waived sovereign immunity from being sued in this capacity. (ECF No. 2-1.) Additionally, the Government argues Filippatos failed to exhaust administrative remedies required by the FTCA and argues that the Government has not waived sovereign immunity for intentional torts. (*Id.* at 4–5 (citing 28 U.S.C. §§ 2679-80).) The Court finds Filippatos failed to exhaust administrative remedies and need not reach the Government's sovereign immunity argument.

The Government asserts Filippatos has not exhausted the administrative remedies required by the FTCA. (*Id.* at 4). Accordingly, the Court will consider the Government's evidence outside

4

of the pleadings to determine whether Filippatos satisfied the jurisdictional exhaustion requirement. *See Gould Elecs.*, 220 F.3d at 178. Indeed, the Government claims Filippatos violated 28 U.S.C. § 2675(a) which states:

> "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing."

(*Id.*) The Government provides a declaration from Kimberly A. Herbst ("Herbst"), the Manager for the Tort Program and Adjudication with the United States Postal Service National Tort Center, St. Louis General Law Office. Herbst states that she searched "all Postal Service Law Department records of administrative tort claims submitted for adjudication . . . filed by or on behalf of John Filippatos . . . [n]o such claim(s) was discovered." (ECF No. 2-2 ¶ 4.) She also stated that she searched "all Postal Service tort claims coordinator database records of administrative tort claims received at the local level . . . filed by or on behalf of John Filippatos . . . [n]o such claim(s) was discovered." (*Id.* ¶ 6.) She also states that "the only claims that are not listed in [the Postal Service Law Department] database system are claims for loss that are settled at the local level by a Torts Claims Coordinator." (*Id.* ¶ 3.) The Government claims that Filippatos could not have exhausted administrative remedies "for he has not filed any administrative tort claims with USPS in connection with this case." (ECF No. 2-1 at 4) (citing ECF No. 2-2 ¶¶ 1-7).

Filippatos responds that "the exhaustion requirement is not absolute, and courts have recognized exceptions to the requirement," listing exceptions for "situations where the administrative remedies are inadequate, where pursuing the remedies would be futile, or where the

5

plaintiff would suffer irreparable harm if required to exhaust the remedies."[2] (ECF No. 4 at 2.) Nowhere does Filippatos state which of these exceptions are applicable in this situation, nor does he argue that he exhausted his administrative remedies.

In his opposition, Filippatos asserts that, on May 11, 2023, he submitted a Standard Form 95 (SF-95) to make an administrative tort claim.[3] As the Government mentions in their Reply, "[Filippatos] filed his state court complaint more than two months before he submitted the SF-95," arguing that this clearly shows that Filippatos had not exhausted all administrative remedies under the FTCA at the time of his complaint. (ECF No. 5.) In addition, 28 U.S.C. § 2675(a) states "[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency <u>and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.</u>" *Id.* (emphasis added).

Filippatos fails to allege he exhausted his administrative remedies, and as such, the Court does not have subject matter over this claim until all administrative remedies have been exhausted.[4]

---

[2] Filippatos does not cite anything to justify application of these exceptions, and of the citations listed, the Court has not been able to locate any of the cases. However, even if the citations are accurate, none of them justify or even mention the aforementioned exceptions to the requirement to exhaust administrative remedies.

[3] The Government argues that this additional information improperly relies on documents outside the pleadings. (ECF No. 5.) While this is true, in order to provide Filippatos the *pro se* leniency afforded to him, the Court will consider this additional information.

[4] While the Court's analysis ends here, it is also likely the sovereign immunity applies to the Government, justifying dismissal.

## IV.     CONCLUSION

For the reasons set forth above, the United States' Motion to Dismiss (ECF No. 2) is **GRANTED**, and Filippatos' complaint is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  November 28, 2023