<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JOHN FILIPPATOS, | |
| Plaintiff, | |
| v. | Case No. 2:23-cv-02033 (BRM) (MAH) |
| UNITED STATES OF AMERICA, | **OPINION** |
| Defendant. | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* Plaintiff John Filippatos's ("Filippatos") letter "request[ing] the [C]ourt to reconsider its decision to dismiss [Filippatos's] complaint without prejudice."[1] (ECF No. 9.) The United States ("Government") opposes the motion. (ECF No. 11.) Having reviewed the submissions filed in connection with the motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth herein and for good cause shown, Filippatos's motion for relief from judgment is **DENIED**.

**I.    BACKGROUND**

This action arises out of alleged defamation by the United States Postal Service ("USPS") and employee John Kessler, Jr., Postmaster ("Kessler"). (ECF No. 1-1 ¶ 1.) Filippatos contends that on December 17, 2022, "Mr. Kessler defamed [Filippatos] to a number of [Filippatos's]

---

[1] To the extent Filippatos requests the Court reconsider its decision granting the Government's motion to dismiss (ECF No. 8), that request was denied because it was untimely. (ECF No. 10.) Because of his *pro se* status, this Court interprets Filippatos's letters as a motion for relief from judgment (ECF Nos. 9 & 12), pursuant to Federal Rule of Civil Procedure 60(b). *See Erickson v. Pardus*, 551 U.S. 89, 95 ("A document filed *pro se* is to be liberally construed" (internal quotation and citation omitted)); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

neighbors stating that mail service was suspended on Dogwood Ln. because [Filippatos] 'threatened to kill' the mail carrier assigned to the street." (*Id.*) Filippatos further claims "[b]oth the Summit police and the USPS investigator, Willy Wong, investigated the alleged instance on December 13th and concluded a threat was not made by [Filippatos]." (*Id.*) Filippatos seeks remedy for reputational and psychological damages as a result of the alleged defamation. (*Id.* ¶ 3.)

On March 3, 2023, Filippatos filed suit against the USPS and Kessler in the Superior Court of New Jersey, Law Division, Union County, Docket No. UNN-L-732-23. (*Id.* ¶ 1.) On April 10, 2023, the Government was substituted as the sole defendant in place of the USPS and Kessler. (ECF No. 1 at 1.) Pursuant to 28 U.S.C. § 2679(d)(2), J. Andrew Ruymann, Chief of the Civil Division in the United States Attorney's Office for the District of New Jersey "certif[ied] that John Kessler, Jr. was acting within the scope of his employment as an employee of the United States of America at the time of the conduct alleged in the Complaint." (ECF No. 1-2.) The Government then removed the case to the United States District Court for the District of New Jersey. (ECF No. 1.)

On April 18, 2023, the Government filed a motion to dismiss. (ECF No. 2.) On May 15, 2023, Filippatos filed an opposition. (ECF No. 4.) On May 24, 2023, the Government filed a reply. (ECF No. 5.) On June 6, 2023, Filippatos filed a sur-reply.[2] (ECF No. 6.) On November 28, 2023, this Court granted the Government's motion to dismiss and dismissed Filippatos's Complaint without prejudice. (ECF Nos. 7 & 8.) On June 13, 2024, Filippatos filed the pending request. (ECF No. 9.) On June 18, 2024, the Court denied Filippatos's request to the extent that it was a motion for reconsideration and asked the Government to respond. (ECF No. 10.) On June 27, 2024, the

---

[2] While a sur-reply is typically impermissible, given the leniency afforded to *pro se* litigants, the Court considered the substance of the sur-reply. (See L.Civ.R. 7.1.)

Government responded and Filippatos replied. (ECF Nos. 11 & 12.) The Court construes Filippatos's motion as one seeking relief under Rule 60.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Accordingly, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A Rule 60(b) motion "may not be used as a substitute for appeal, and . . . legal error, without more cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)). This is because "the remedy provided by Rule 60(b) is extraordinary." *Jones v. Citigroup, Inc.*, Civ. A. No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (internal quotation and citation omitted).

In particular, "the standard for granting a Rule 60(b)(6) motion is a high one. The movant must show 'extraordinary circumstances' to justify reopening a final judgment." *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014) (quoting *Gonzalez*, 545 U.S. at 536). "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, an extreme and unexpected hardship will result." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d. Cir.

2008) (internal quotation and citation omitted). Further, relief from a judgment under Rule 60(b)(6) "is available only when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp v. United States*, 596 U.S. 528, 533 (2022). Finally, Rule 60(b) motions do not provide avenues for re-litigating already decided issues. *See Smith*, 853 F.2d at 158; *see also P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001).

###    III.    DECISION

Congress waived the United States's sovereign immunity only narrowly under the Federal Tort Claims Act ("FTCA"). *See* Michael D. Contino & Andreas Kuersten, CONG. RSCH. SERV., R45732, The Federal Tort Claims Act (FTCA): A Legal Overview 1 (2023). While the Court is sympathetic to Filippatos's argument (ECF No. 12), this cannot overcome the FTCA's unambiguous and plain meaning:

> An action *shall not be instituted* upon a claim against the United States . . . for injury . . . caused by the . . . wrongful act . . . of any employee of the Government while acting within the scope of his . . . employment, *unless the claimant shall have first* presented the claim to the appropriate Federal agency and his claim *shall have been finally denied* by the agency . . . .

28 U.S.C. § 2675(a) (emphasis added). In other words, plaintiffs must exhaust any administrative remedies provided by the allegedly tortious federal agency before seeking adjudication in federal court for the alleged tortious conduct. *Id. See Holton v. Finley*, Civ. A. No. 4:21-cv-737, 2021 WL 7186197, at *7 (M.D. Pa. Dec. 30, 2021) ("[F]ull administrative exhaustion is a jurisdictional prerequisite to filing a lawsuit. Therefore, where an FTCA lawsuit is filed before the exhaustion process is completed, we are compelled to dismiss that action."); *see also Miller v. United States*, 517 F. App'x 62, 63 (3d Cir. 2013) ("A plaintiff must exhaust all administrative remedies before bringing a claim under the FTCA."); *see also McNeil v. United States*, 508 U.S. 106, 112 (1993)

("The most natural reading of the [FTCA] indicates . . . Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process.").

Here, Filippatos failed to exhaust his administrative remedies prior to bringing his claim under the FTCA. *Compare* Notice of Removal (ECF No. 1 at ¶ 2 (noting Filippatos filed suit on March 3, 2023)), *with* Pl.'s Opp'n (ECF No. 4, Ex. 4 at 1 (indicating Filippatos first presented his claim to the appropriate federal agency on May 11, 2023)). This Court has already adjudicated this issue. (ECF Nos. 7 & 8.) In essence, Filippatos seeks to re-litigate an already decided issue in his latest filings—this Court's jurisdiction—and therefore his submission for relief from judgment pursuant to Rule 60(b)(6) is improper. This Court still lacks subject matter jurisdiction in light of the FTCA's unambiguous and plain requirement that a plaintiff must exhaust their administrative remedies prior to filing a claim under the FTCA, and therefore this case will not be reopened, nor relief granted pursuant to Rule 60(b)(6). *Cf. Holton*, 2021 WL 7186197, at *7 ("[A] district court may dismiss a claim brought under the FTCA for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) where the plaintiff has not exhausted his administrative remedies prior to filing suit.").

Further, Filippatos's *pro se* status does not excuse his premature and, therefore, deficient filing for purposes of the FTCA. *See McNeil*, 508 U.S. at 113. ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Moreover, the later administrative disposition of Filippatos's claim cannot be understood to cure his earlier, premature filing. *See id.* at 112 (addressing a similar issue where a *pro se* plaintiff prematurely filed suit then later presented his claim to the appropriate federal agency and noting "the normal interpretation of the word 'institute' is synonymous with the words 'begin' and 'commence'"). In his most recent filings (ECF Nos. 9 & 12), Filippatos fails

to demonstrate why his failure to comply with the FTCA's procedural requirements—thereby barring this Court's jurisdiction—constitutes an extraordinary circumstance leading to an extreme and unexpected hardship justifying this Court to disturb its prior judgment pursuant to Rule 60(b)(6). Accordingly, the case will not be reopened, nor will relief be granted pursuant to Rule 60(b)(6).

### IV.    CONCLUSION

For the reasons set forth above, Filippatos's motion for relief from judgment pursuant to Rule 60(b)(6) (ECF Nos. 9 & 12) is **DENIED**. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: July 15, 2024